# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD L. CHEZ, <br>     Plaintiff, <br><br> v. <br><br> STONEGATE ADVISORS, LLC and MARC E. PIERCE, <br>     Defendants. | Case No. 1:25-cv-3523 <br><br> **COMPLAINT** |

Plaintiff Ronald L. Chez, for his complaint against Stonegate Advisors, LLC and Marc E. Pierce, states:

### PRELIMINARY STATEMENT

1. This is an action to enforce two defaulted promissory notes. The first, "Promissory Note #1" was issued by Defendant Stonegate Advisors, LLC ("Stonegate" or "Borrower") to Plaintiff Ronald L. Chez IRA ("Chez" or "Note Holder") in the original principal amount of $554,530, later amended to $625,059. The second note, "Promissory Note #2" was issued by Stonegate to Plaintiff in the original principal amount of $452,008, later amended to $452,953. Defendant Marc E. Pierce ("Pierce" or "Guarantor") is the owner of Stonegate and has personally guaranteed both notes. Both notes, as amended, were to be repaid in full on the same maturity date: June 30, 2023. They were not.

2. As of March 31, 2025, the total amount past due under Promissory Note #1 is $822,628, and the total amount past due under Promissory Note #2 is $659,795. Plaintiff is seeking to recover these outstanding amounts, as well as costs and attorneys' fees.

### PARTIES

3. Plaintiff Ronald L. Chez is the account holder of the Ronald L. Chez IRA account maintained at Byline Bank. Chez is a citizen of California.

4. Defendant Stonegate Advisors, LLC, according to its website, was "established in 2005," and "proud to be a leader in the fields of analytics, research, and consulting."

5. Defendant Marc E. Pierce is the founder and Chief Executive Officer of Stonegate.

## JURISDICTION, VENUE, AND CHOICE OF LAW

6. The laws of the State of Illinois govern both notes, and any legal actions concerning them must be brought in the state courts of Cook County, Illinois, or the federal courts located in Chicago, Illinois.

7. Plaintiff Chez is a citizen of California.

8. Defendant Pierce is, upon information and belief, a citizen of Nevada.

9. Defendant Stonegate is an Illinois limited liability company. It maintains its principal office at 11500 S. Eastern Avenue S., Henderson, NV 89052. Its citizenship is determined by the citizenship of its members. Upon information and belief, the sole member of Stonegate is Pierce.

10. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the dispute is between citizens of different States and the amount in controversy is greater than $75,000.

11. Venue in this judicial district is appropriate under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here and the parties stipulated that venue would lie in this District Court.

## STATEMENT OF FACTS

12. Stonegate, as Borrower, issued to Chez, as Note Holder, Promissory Note #1 and Promissory Note #2 in compensation for and in consideration of the cancellation of the

Borrower's prior debt obligations to Chez. Both notes were subsequently amended, with the amendments (each a "Second Amendment") being primarily relevant here.

### A. Promissory Note #1 (Principal Amount $554,530)

13. Promissory Note #1 was dated January 1, 2021 and issued in Chicago, Illinois.

14. The principal balance of Promissory Note #1 is $554,530.

15. The note carried an interest rate of 9.0% per annum, with 6% payable monthly and 3% deferred and payable at the maturity date. The first interest payment was due on or before January 31, 2021.

16. The original maturity date for all unpaid principal, unpaid royalty, accrued but unpaid interest, and accrued and unpaid late charges was December 31, 2021. There was no penalty for prepaying principal and accrued interest.

17. As an inducement for favorable loan terms, the Borrower agreed to pay a 5% royalty of revenue billed, payable after the close of each month. Revenue was defined as all billings excluding reimbursable expenses in the preceding month. Royalty payments not made within seven business days from the end of the period were deemed late, incurring a $500 late payment charge per occurrence.

18. The "Guaranteed Time Period" for Royalty payments was defined as five years from March 28, 2017, or $1,000,000 in total Additional Interest paid - whichever comes last. This royalty obligation remained in effect even if the principal was paid back early.

19. The Borrower also agreed to cause a Warrant to be issued for an equity interest in the Borrower, equal to 25.5% ownership on a fully diluted basis, with a strike price of one cent, a 10-year term, and exercisability upon a change of control. (The Warrant was never executed).

20. Any interest or royalty payment not made within five business days (for interest) or seven business days (for royalty) from the end of the month/period was considered late and

incurred a $500 late payment charge per occurrence. Failure to bring a late payment current within 30 days of its due date constituted an event of default.

21. Upon the occurrence of an Event of Default, all outstanding principal and any then accrued but unpaid interest would bear interest at the rate of 12.00% per annum payable in arrears monthly. This default interest would also apply to royalty and late charges if an Event of Default occurred.

22. The note was secured by all current and future assets of the Borrower and Pierce. Pierce, as Guarantor, also provided an unconditional, absolute, and irrevocable personal guaranty for the punctual payment and performance of all obligations under the note.

23. Stonegate and Pierce also executed a Stipulation for Entry of Judgment for a maximum amount of $554,530, plus accrued and unpaid base interest and royalty payments, which could be filed by the Note Holder upon a payment default after a three-calendar-day cure period.

24. Pierce was required to maintain or add the Note Holder as a beneficiary to an existing $1,000,000 life insurance policy.

    **B. Second Amendment to Promissory Note #1 Executed May 3, 2021 (Effective May 1, 2021)**

25. The Second Amendment to Promissory Note #1 changed the maturity date to June 30, 2023.

26. Borrower acknowledged that the aggregate principal outstanding under the note as of May 1, 2021 was $625,059, which was an increase from the original face amount of $554,530, based on accrued but unpaid interest, late fees, and other charges.

27. The royalty terms were amended as well. Borrower agreed to pay a flat amount of $15,000 each 90-day period, payable 90 days following May 1, 2021, and every 90 days

thereafter. At the end of 12 months from May 1 each year, the Borrower was required to reconcile these payments with the 5% of "STAMP" software revenue billed formula and pay any balance owing. According to STAMP's website, "The STAMP Retention Automation platform assesses customer sentiment, significantly improves a health care company's ability to retain accounts, increases recurring revenue, and maximizes customer lifetime value."

28. Notwithstanding the change in the maturity date, Borrower covenanted to use its reasonable best efforts to fully or partially repay the principal balance prior to the Maturity Date as promptly as practicable to the extent it had available funds.

29. Except as amended, the original Promissory Note #1 remained in full force and effect.

30. As of March 31, 2025, the total amount past due for Amended Promissory Note #1 was $822,628 (excluding attorneys' fees).

### C. Promissory Note #2 (Principal Amount $452,008)

31. Promissory Note #2 was dated January 1, 2021 and issued in Chicago, Illinois.

32. The principal balance of Promissory Note #2 is $452,008.

33. The note carried an interest rate of 9% per annum, with 6% annualized interest payable monthly, and three percent annualized interest deferred and payable upon the Maturity Date. The first payment of interest was due on or before January 31, 2021.

34. The original Maturity Date for all unpaid principal, together with any accrued but unpaid interest and any unpaid late charges, was December 31, 2021. There was no penalty for prepaying the unpaid principal and accrued interest.

35. Any interest payment not made within five business days from the end of the month would be deemed late, and the Borrower agreed to pay a Late Payment Charge of $500 per occurrence.

36. Upon the occurrence and during the continuance of any Event of Default, all outstanding principal and any then accrued but unpaid interest would bear interest at the rate of 12.00% per annum payable in arrears monthly.

37. The note was secured by all current and future assets of the Borrower. Marc E. Pierce executed a Joinder and Guaranty Agreement, providing his personal guaranty to pay all unpaid obligations under the note.

38. Concurrently with the execution of the note, Borrower also executed and delivered to Note Holder an originally executed Stipulation for Entry of Judgment for a maximum amount of $452,008, plus accrued and unpaid Base Interest and Default Interest. This could be filed by the Note Holder's upon Borrower's failure to timely make payments of Principal Amount or Base Interest, after giving written notice and a three-calendar-day cure period.

39. Pierce agreed to cause the Note Holder to be added or maintained as a beneficiary to an existing $1,000,000 life insurance policy or to purchase such a policy.

### D. Second Amendment to Promissory Note #2 Executed May 3, 2021 (Effective May 1, 2021)

40. The Second Amendment to Promissory Note #2 changed the maturity date to June 30, 2023.

41. It acknowledged that the aggregate principal outstanding under the note as of May 1, 2021, was $452,953, reflecting an increase from the original face amount of $452,008 based on accrued but unpaid interest and late fees.

42. Notwithstanding the amendment to the maturity date, the Borrower covenanted to use its reasonable best efforts to fully or partially repay the principal balance prior to the

Maturity Date as promptly as practicable (including making partial payments at each and every opportunity) to the extent that it had available funds.

43. Except as amended, the original Promissory Note #2 remained in full force and effect.

44. As of March 31, 2025, the amount past due for Amended Promissory Note #2 was $659,795 (excluding attorneys' fees).

**BREACH**

45. The amended maturity date for both Promissory Note #1 and Promissory Note #2 is June 30, 2023.

46. Borrower failed to pay the amounts due on Promissory Note #1 and Promissory Note #2 on June 30, 2023 and through the date of the filing of this action.

47. Under both Promissory Note #1 and Promissory Note #2, Borrower and Guarantor promised to pay all of Note Holder's expenses in connection with their enforcement, including reasonable attorneys' fees.

48. In correspondence, Borrower and the Guarantor have admitted the defaults but have been unable to pay the amounts due or to present a plan for repayment acceptable to Note Holder.

**AS AND FOR A FIRST CLAIM**
**BREACH OF PROMISSORY NOTE #1**

49. Plaintiff repeats and incorporates the above allegations.

50. Promissory Note #1, as amended, is a valid and enforceable contractual instrument.

51. Borrower breached Promissory Note #1, as amended, by failing to pay the principal, interest, fees and penalties due on the Maturity Date.

7

52. As of March 31, 2025, the past due balance of Promissory Note #1 is $822,628, comprised of the following amounts:

- Principal: $625,059
- January, February, March 2025 Interest (6%): $9,375
- Deferred Interest (3%): $4,689
- Default Interest (6%): $9,375
- Accrued Unpaid Interest from 12/31/24: $174,130

53. Plaintiff has been damaged by the breach in an amount equal to the entire amount due under Promissory #1, plus costs of enforcement, including reasonable attorneys' fees.

## AS AND FOR A SECOND CLAIM
## BREACH OF PROMISSORY NOTE #2

54. Plaintiff repeats and incorporates the above allegations.

55. Promissory Note #2, as amended, is a valid and enforceable contractual instrument.

56. Borrower breached Promissory Note #2, as amended, by failing to pay the principal, interest, fees and penalties due on the Maturity Date.

57. As of March 31, 2025, the past due balance of Promissory Note #2 is $659,795, comprised of the following amounts:

- Principal: $452,008
- January, February, March 2025 Interest (6%): $6,780
- Deferred Interest (3%): $3,489
- Default Interest (6%): $6,780
- Accrued Unpaid Interest from 12/31/24: $190,716

58. Plaintiff has been damaged by the breach in an amount equal to the entire amount due under Promissory Note #2, plus costs of enforcement, including reasonable attorneys' fees.

### AS AND FOR A THIRD CLAIM
### BREACH OF GUARANTEE

59. Plaintiff repeats and incorporates the above allegations.

60. Pierce provided "unconditionally, absolutely and irrevocably guaranties to the Note Holder the punctual payment and performance when due, whether at stated maturity or by acceleration or otherwise, of the indebtedness and other obligations of the Borrowers to the Note Holder evidenced by this Note and any other amounts related to this Note that may become owing by the Note Holder."

61. Pierce breached his obligations as Guarantor by failing to pay the amounts due under Promissory Note #1 and Promissory Note #2, when due.

62. Plaintiff has been damaged by the breach equal to the entire amount due under Promissory Note #1 and Promissory Note #2 in the amount of $1,482,423, plus costs of enforcement, including reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

On the first claim, an award of damages in the amount of $822,628, plus additional interest after March 31, 2025;

On the second claim, an award of damages in the amount of $659,795, plus additional interest after March 31, 2025;

On the third claim, an award of damages in the amount of $1,482,423, plus additional interest after March 31, 2025;

On all claims, attorneys' fees, costs, and such other and further relief as is just and proper.

Dated: April 2, 2025

        SOLOMON CRAMER & SUMMIT LLP

        By:   /s/Jennifer G. Cramer
               Jennifer G. Cramer, Esq.
               Illinois Bar No.6279572

        25 West 39th Street, 7th Floor
        New York, NY 10018
        (212) 884-9102
        jcramer@solomoncramer.com

        *Of counsel*
        Andrew T. Solomon, Esq.
        asolomon@solomoncramer.com